UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KARINA DUBINSKAYA, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| ALLIED INTERSTATE, LLC | : |
| Defendant. | : |

## COMPLAINT

Plaintiff Karina Dubinskaya, by and through her undersigned counsel, states as follows:

### JURISDICTION AND VENUE

1. The Plaintiff seeks redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") by the Defendant.

2. Pursuant to 15 U.S.C. § 1692k(d), this Court has jurisdiction over actions arising under the FDCPA.

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District, as the Defendant transacts business in this District and a substantial part of the events giving rise to the claim occurred in this District.

### PARTIES

4. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

5. Plaintiff Karina Dubinskaya is an adult individual residing in the State of New York and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

1

6. Defendant Allied Interstate, LLC, is a Minnesota-based limited liability company. The Defendant operates as a debt collection company within the State of New York and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).  The Defendant has alleged that the Plaintiff incurred a financial obligation in the approximate amount of $226.00 (the "Debt") to GE Capital Retail Bank ("Creditor").  The alleged Debt arose from services provided which were primarily for family, personal, or household purposes and which conforms with the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. The Defendant attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

9. From December (2013) to February (2014), the Plaintiff received numerous telephone calls from the Defendant.  All calls pertained to the Debt described in paragraphs ¶¶ 6-7, *supra*.  On several occasions, the Defendant placed more than three (3) calls to the Plaintiff in one (1) day.  On several occasions, the Defendant's agent did not state that the call to the Plaintiff was from a debt collector and any information obtained would be used for that purpose.

10. During several conversations between the Plaintiff and Defendant that occurred during the aforementioned telephone calls, the Plaintiff explained that she paid the Debt in full. The Plaintiff offered to send the Defendant proof of the payment and clearance of the balance. However, the Defendant responded in a rude, hostile, and deceptive manner, indicating that had to pay the full amount because its system did not show any payment.  When the Plaintiff offered

to immediately fax the Defendant proof of payment, the Defendant stated that there was no way for her to send a fax to Allied Interstate, LLC, because the company is located in the Philippines.

11. Twice, the Plaintiff asked the Defendant to stop calling her during the aforementioned telephone calls. Despite this request, the calls from the Defendant continued.

12. The agents who called the Plaintiff during the aforementioned calls were rude, pushy, demeaning, and deceptive. Despite the Plaintiff's efforts to dispute the Debt, the Defendant's agents stated that the Plaintiff had to pay, immediately, or her credit score would be "ruined."

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. The Defendant's conduct constitutes numerous violations of the FDCPA including, but not limited to, violations of 15 U.S.C. §§ 1692c, 1692d, 1692e, and 1692f.

15. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## DEFENDANT'S VIOLATIONS OF
## NEW YORK GENERAL BUSINESS LAW § 349

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. New York General Business Law § 349 prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service" in the State of New York.

18. By acting as a debt collector, the Defendant conducts business and/or provides a service within the meaning of New York General Business Law § 349.

19.     Defendant engaged in deceptive acts and practices by virtue of the acts and omissions described in paragraphs ¶¶ 6-14, *supra*. The aforementioned acts and omissions by the Defendant 1) were deceptive and misleading in a material sense, and 2) caused injury to the Plaintiff.

20.     By reason of the conduct alleged above, the Defendant engaged in deceptive conduct in violation of New York General Business Law § 349.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Awarding the Plaintiff damages pursuant to 15 U.S.C. § 1692k;
2. Awarding the Plaintiff costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);
3. Awarding the Plaintiff damages and reasonable attorneys' fees pursuant to New York General Business Law § 349; and
4. Granting such other and further relief that the Court may deem just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated:  May 11, 2014

Respectfully submitted,

By:   /s/ Hashim Rahman
Hashim Rahman, Esq.
Rahman Legal
155 Water Street
Brooklyn, NY 11201
hrahman@rahmanlegal.com
Phone: (347) 433-6139
Fax: (347) 382-9457